**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

RAYMOND DAKIM HARRIS JOINER,    )
                                )
                Petitioner,     )
                                )
        v.                      )      1:14CV509
                                )
FRANK PERRY, et al.,            )
                                )
                Respondent.     )

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis. (Docket Entries 1, 2.)  For the reasons that follow, the Court should dismiss the Petition.

### BACKGROUND

According to the Petition and records of the North Carolina Department of Public Safety, on January 3, 2014, the Superior Court of Guilford County entered judgment against Petitioner for breaking and entering, larceny of goods valued at over $1,000, and habitual breaking and entering in cases 12 CRS 96717, 12 CRS 96718, and 13 CRS 24142.  (Docket Entry 2, §§ 1, 2, 5); http://www.doc.state.nc.us/offenders (search for "Raymond D. Joiner" last completed June 25, 2014).  Petitioner filed certain motions with the North Carolina Supreme Court (Docket Entry 2, § 9(a)), which dismissed them (id., § 9(c)).  The record does not

reflect that Petitioner then filed any further attempts at review in the state courts before bringing his Petition in this Court.[1]

DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

For the reasons set out below, the Petition plainly states no claim for relief.

Petitioner raises two claims for relief in the Petition: 1) that the trial court lacked subject matter jurisdiction (Docket Entry 2, § 12 Ground One(a)); and 2) that maritime or admiralty jurisdiction controls his cases and that he did not "sign[] any contract or other obligation that binds [him] to the maritime or admiralty jurisdiction" (id. § 12, Ground Two(a)). In an "Affidavit" attached to the Petition, he states that the United States is a corporation, that the common law requires a "body of the crime or injured party" and that a corporation cannot serve in that role. (Docket Entry 2, Affidavit at 1.) He then declares

---

[1] Petitioner reports that he filed a Uniform Commercial Code financing statement with the North Carolina Supreme Court on June 3, 2014, and refers to it as an "appeal." (Docket Entry 2, § 11(b).) However, a financing statement is in no way an appeal or collateral attack on a criminal conviction. It thus appears that Petitioner failed to exhaust his state law remedies as required under 28 U.S.C. § 2254(b). The Court informed Petitioner in two prior cases, Joiner v. State of North Carolina, No. 1:14CV467 (M.D.N.C.), and Joiner v. Department of Public Safety, No. 1:13CV968 (M.D.N.C.), of the exhaustion requirements and the process for exhausting his claims. Nevertheless, Petitioner, a frequent pro se litigant with twenty-five cases filed in this Court alone, persists in again bringing his unexhausted claims. Given the nature of the claims in the Petition and Petitioner's repeated disregard for the exhaustion requirement, the Court should address his claims rather than dismiss the case for failure to exhaust. See 28 U.S.C. § 2254(b)(2).

that "[a]ll cases in law, equity, admiralty or maritime, are now classified as 'civil action[s]'" and that "civil maritime and admiralty actions require a contract," before reastating his contention that he never signed such a contract. (Id.) Apparently, based on these contentions, Petitioner concludes that subject matter jurisdiction did not exist in his criminal cases because jurisdiction did not exist under the common law or admiralty and maritime law. Petitioner also includes a list of "Presumptions," which state that: 1) his body is a "vessel" under 18 U.S.C. § 7; 2) the United States acquired the land where it exercises its special maritime and territorial jurisdiction through a conveyance from the North Carolina legislature; 3) North Carolina remains a territory, rather than a state; 4) "the social security insurance contract" binds Petitioner into the special maritime jurisdiction; and 5) Petitioner engaged in interstate commerce. (Id. at 2-3.)

The Petition and "Affidavit" contain numerous logical, legal, and factual fallacies, including every "Presumption" listed above. However, the Court needs only to specifically address a few points to determine that the Petition should be dismissed under Rule 4. North Carolina, having ratified the United States Constitution in 1790, is one of the States of the United States of America, not a territory. Cross v. Harrison, 57 U.S. 164, 170, 200 (1853). It is also a separate sovereign with the power to prosecute crimes in its territory. Abbate v. United States, 359 U.S. 187, 194 (1959). Breaking and entering, larceny, and habitual breaking and entering

are crimes under the statutes of the State of North Carolina.  See N.C. Gen. Stat. §§ 14-54 (defining breaking and entering as a Class H felony), § 14-72 (defining larceny of goods valued at over $1000 as a Class H felony), and § 14-7.26 (setting out the elements of habitual breaking and entering).  North Carolina relied on those statutes to prosecute and convict Petitioner and the Petition raises no colorable challenge to North Carolina's jurisdiction under these statutes.  Given these facts, the jurisdiction of the United States, the common law, the corporate status or lack thereof of the United States, maritime and admiralty law, contracts, the status of Petitioner's body as a vessel, social security insurance, and interstate commerce are all irrelevant and Petitioner's claims based on these matters are meritless.

<u>CONCLUSION</u>

The Petition fails as a matter of law on its face.  <u>In forma pauperis</u> status will be granted for the sole purpose of recommending dismissal.

**IT IS THEREFORE ORDERED** that <u>in forma pauperis</u> status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that the Petition (Docket Entry 2) be dismissed.

This, the 27th day of June, 2014.


                              /s/ L. Patrick Auld
                            **L. Patrick Auld**
                    **United States Magistrate Judge**


-4-